# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re* Subpoenas to Medport LA, LLC | Case No. 2:20-cv-00552-JAD-BNW |
| | **ORDER** |

Movant, through local counsel, seeks to continue the hearing currently set for May 6, 2020.  ECF No. 7.  This hearing was set to address movant's motion to compel (ECF No. 1) as well as non-party Medport LA's counter motion to quash or modify subpoena (ECF No. 5).

The reason provided for the need to continue the hearing is that movant's counsel has not yet completed their pro hac vice application "due to unforeseen delays caused by COVID-19." ECF No. 7 at 1.  Medport opposes the request and argues that local counsel should be able to argue the movant's motion and that movant is simply attempting to delay the hearing in order to have this court consider its response (ECF No. 8) to Medport's counter motion.  ECF No. 13. Medport asks this court not to consider the response, given that movant has not shown excusable neglect.  *Id.*  Additionally, Medport argues it would be prejudiced by this request as it would require it to reply, further delaying the proceeding and adding to the costs of representation.  ECF No. 12.

**I.   Discussion.**

   **A.  Motion to continue hearing.**

A party requesting a continuance of "any date set by . . . order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension."  LR 26-3.  The proffered good cause is the need to complete the pro hac vice application, which has been delayed due to reasons related to the COVID-19 pandemic.  This court is well aware of the difficulties posed by the COVID-19 crisis and the ways in which it has

delayed the ability to litigate matters. Having said that, movant has had more than 6 weeks to complete that process, and the request does not specify the ways in which COVID-19 has prevented counsel from completing this task. In addition, as argued by Medport, local counsel should be able to make an appearance and argue the motion.

The need to continue the hearing in this case has little to do with COVID-19 and pro hac vice applications and—as Medport argues—more to do with the fact that movant recently realized they needed to oppose Medport's counter motion. Not coincidentally, on the same day they requested that the hearing be continued, movants filed a motion for leave to file a response (ECF No. 8) to Medport's counter motion to quash or modify subpoena. This Court does not appreciate the use of COVID-19 as pretext and strongly encourages movant not to do this again.

Good cause has not been shown. This Court will grant the extension nonetheless, as this Court is not able to review all of the documents recently filed prior to today's hearing. A continuance is needed in order for this court to review the substantive arguments of both parties and fairly adjudicate this matter. *See* LR IA 1-4 (permitting this court to waive provisions of the local rules "if the interests of justice so require."). In addition, as discussed below, Medport should be provided an opportunity to reply to the responsive document that movant recently filed. In short, it would be a waste of time to hold a hearing today in the absence of full briefing.

**B.  Motion for leave to file response to Medport's counter motion to quash.**

Movant's motion for leave to file a response will be construed as a motion to extend the deadline for its response, which is governed by LR 26-3 and requires a showing of good cause and excusable neglect. Movant explains that the docket did not provide a deadline by which to respond to Medport's counter motion and that they were unaware of the requirements of LR 7-2.

The Court is sympathetic to movant's situation—it is impossible to know all of the local rules for the numerous United States District Courts in the country. But that is why local counsel is required—to assist pro hac vice counsel in navigating the local rules and practices of this jurisdiction. *See Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 162 (D.N.J. 1994) (citing to the following three primary reasons behind the local counsel requirement: (1) members of the local bar "are familiar with the rules and customs" of their local court and "are expected to educate pro

1  hac vice attorneys on, and enforce, those rules and customs"; (2) members of the local bar "are
2  more readily available than pro hac vice attorneys for conferences or other matters which arise in
3  the course of litigation," and; (3) the court looks to members of the local bar "to serve as liaison
4  between it and pro hac vice attorneys and to ensure effective communication between the court
5  and pro hac vice attorneys") (emphases removed).  Local counsel entered his appearance on
6  March 27 and should have been reviewing notifications of all the filings in this case.  Based on
7  the previous discussion, and absent an explanation from local counsel, neither good cause nor
8  excusable neglect have been shown.
9       Having said that, as cited to above, the local rules allow this court to waive provisions of
10 the local rules "if the interests of justice so require." LR IA 1-4.  That is the case here.  To begin
11 with, this Court needs to make an informed decision on Medport's counter motion, which is
12 inextricably intertwined with movant's motion to compel.  This necessitates briefing from both
13 parties.  There is no real prejudice to Medport.  This court understands the history of this case and
14 that Medport is anxious to conclude this matter.  While it is true that Medport will incur additional
15 costs should it elect to file a reply to movant's responsive document, the court is not requiring it to
16 do so and will leave that up to counsel for Medport.  The fair disposition of the matters before this
17 Court requires that movant's motion for leave to file its response be granted so that a decision can
18 be made on the merits.

19 **II.    Conclusion.**

20       IT IS THEREFORE ORDERED that ABF Freight System's motion to continue hearing
21 (ECF No. 7) is GRANTED.  The hearing currently set for today, May 6, 2020, at 3:30 PM is
22 CONTINUED to May 20, 2020, at 4:00 PM.

23       IT IS FURTHER ORDERED that ABF Freight System's motion for leave to file response
24 (ECF No. 8) is GRANTED.  The Clerk of Court is directed to docket Exhibit 1 to ECF No. 8 as a
25 response to ECF No. 5.  If Medport LA desires to file a reply, it must do so by May 14, 2020.

26       DATED: May 6, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE